IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNA ROTHERMEL,

        Plaintiff,

v.                                       Case No. 22-1194-JWB

BOARD OF COUNTY COMMISSIONERS OF
SEDGWICK COUNTY, KANSAS; SHERIFF
JEFF EASTER, in his official capacity; and
DETENTION DEPUTY TONY LOSAVIO,
in his individual and official capacity,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' pending motion to dismiss Plaintiff's official capacity claim against Defendant LoSavio. (Doc. 8.) The motion is fully briefed and is ripe for decision. (Docs. 15, 18.) For the reasons stated herein, the motion is GRANTED.

**I. Background and Facts**

The following allegations are taken from Plaintiff's complaint and are assumed to be true for purposes of deciding the motion to dismiss. On May 4, 2021, and before, Plaintiff was a detainee in the Sedgwick County Adult Detention Facility ("the jail") when she was sexually assaulted by Defendant Tony LoSavio. At the time LoSavio was a Detention Deputy of the Sedgwick County Sheriff's Department and was subject to the supervision and control of Defendant Jeff Easter, who was the ultimate decision-making authority for the jail, and subject to supervision and control of Defendant Sedgwick County Board of County Commissioners (hereinafter "Sedgwick County"). (Doc. 1 at 1-3.)

Count One of the complaint asserts a claim against LoSavio under 42 U.S.C. § 1983 for deprivation of Eighth and Fourteenth Amendment rights under color of state law, including the rights to be free from cruel and unusual punishment and excessive force. The claim is asserted against LoSavio "in his official as well as his individual capacity…." (*Id.* at 5.) Count Two alleges similar § 1983 claims against Easter, in his official capacity only, and against Sedgwick County, for deprivation of Eighth and Fourteenth Amendment rights. It further alleges the assault was caused by Sedgwick County's and Easter's failure to properly train or supervise detention deputies, and that the assault and failure to train were done with deliberate indifference to Plaintiff's rights. (*Id.* at 6.) The complaint additionally asserts state law claims for sexual battery and outrageous conduct against LoSavio, and for negligence against Easter and Sedgwick County. (*Id.* at 8-9.) The complaint seeks compensatory damages against all Defendants, punitive damages against LoSavio, and attorney's fees and expenses.

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the official capacity claim against LoSavio. They note the complaint does not allege that LoSavio has any present position or capacity with Sedgwick County, and they cite evidence that LoSavio was convicted of unlawful sexual relations after the alleged events and was (as of the filing of the motion) in custody serving a 31-month sentence. Defendants contend the official capacity claim against LoSavio should be dismissed because he is no longer employed by the Sheriff's Office. (Doc. 8 at 2-3.)

**II. Standards**

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.

2

*Id*. Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent…." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).

**III. Analysis**

Inasmuch as LoSavio was allegedly an employee of Sedgwick County and/or the Sheriff's County Sheriff's Office, and Plaintiff has otherwise pleaded official capacity claims against Sheriff Easter and Sedgwick County, any official capacity claim against LoSavio simply restates or duplicates the official capacity claims against the other Defendants. In such circumstances, courts consider official capacity claims against the agent as redundant and typically dismiss that claim. *See Smith v. City of Lawrence, Kansas*, No. 2:20-CV-02030-HLT, 2020 WL 3452992, at *5 n. 8 (D. Kan. June 24, 2020) ("[W]here a § 1983 plaintiff chooses to sue both a municipality and its municipal officials in an official capacity, courts routinely dismiss the official-capacity claims as 'duplicative' or 'redundant' of the claim against the municipal entity.") (citation omitted); *White v. City of Grandview Plaza*, No. 16-4162-DDC-KGS, 2017 WL 2215133, at *10 (D. Kan. May 19, 2017) ("Our court routinely dismisses official capacity claims against individuals sued in their official capacities when the government entity also is named as a defendant in the lawsuit because the official capacity claims against the individuals are duplicative.") Because no prejudice arises here from dismissal of the redundant claim, the court will grant the motion to dismiss the official capacity claim against LoSavio.

**IV. Conclusion**

Defendants' motion to dismiss the official capacity claim against LoSavio (Doc. 8) is GRANTED. IT IS SO ORDERED this 17th day of May, 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
