IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNA ROTHERMEL,

               Plaintiff,

v.                                                                          Case No. 22-1194-JWB

SHERIFF JEFF EASTER, in his
official capacity, and
TONY LOSAVIO

               Defendants.


## JURY INSTRUCTIONS

INSTRUCTION NO.  <u>1.</u>

Members of the Jury:

Now that you have heard all the evidence, it becomes my duty to give you the instructions concerning the law applicable to this case.  In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

INSTRUCTION NO. 2.

You may recall that I gave you some preliminary instructions at the outset of this case. To the extent there is any difference between those preliminary instructions and the instructions I am now giving you, the instructions I am now giving you control, and you are to apply them in your deliberations.

INSTRUCTION NO. <u>3.</u>

In this case, Plaintiff Kenna Rothermel brings legal claims against Defendants Tony LoSavio and Sheriff Jeff Easter.  Plaintiff claims Defendant LoSavio, while acting under color of state law as an employee of the Sedgwick County Sheriff, violated her constitutional right to bodily integrity and personal safety protected by the Eighth Amendment.  Plaintiff brings legal claims against Defendant Sheriff Easter in his official capacity for violation of Plaintiff's constitutional rights under the Eighth Amendment and Fourteenth Amendment and for violations of Kansas tort law.  She claims that Defendant LoSavio violated her Eighth Amendment and Fourteenth Amendment rights because Defendant Sheriff Easter inadequately supervised his deputy guards in a deliberately indifferent manner, which in turn, caused the constitutional violations.  She also claims Defendant Sheriff Easter was negligent and breached his duty of reasonable care to protect Plaintiff from Deputy LoSavio's known proclivity to commit sexual assault.

Plaintiff claims that as a result of these violations she suffered mental, emotional and physical injury.  She seeks compensatory damages against all Defendants, including but not limited to damages resulting from her physical injury and damage of an emotional and mental nature.

Plaintiff has the burden to prove that her claims are more probably true than not true.

Defendant Sheriff Easter denies plaintiff's claims against him, generally.  He denies that he was at fault for Defendant LoSavio's sexual assault of Plaintiff, that he inadequately supervised his deputy guards in a deliberately indifferent manner, and that he breached his duty of reasonable care to protect persons in custody from unreasonable risks of harm by third parties.

Defendant Sheriff Easter claims that he undertook reasonable efforts to dissuade and prohibit sexual misconduct by detention staff and inmates. He claims that policies and procedures were in place for the report and investigation of all sexual conduct in the jail, and that these policies were and are regularly enforced.  He also claims that Defendant LoSavio's sexual battery was not a reasonably foreseeable risk of harm to Plaintiff, that there was no causal connection between the alleged breach of duty owed to Plaintiff and the sexual battery, and that Plaintiff is at fault for her claimed injuries under the negligence claim for her unreasonable failure to report Defendant LoSavio's misconduct before he sexually assaulted her.

INSTRUCTION NO. <u>4.</u>

Burden of proof means burden of persuasion. A party who has the burden of proof must persuade you that its claim is more likely true than not true, i.e. by a preponderance of the evidence. To prove that something is more likely true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together--that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness. If the evidence on an issue is equally balanced, then the party having the burden to establish that issue must fail.

In deciding whether this burden has been met, you must consider all of the evidence, whether presented by Plaintiff or Defendant Sheriff Easter.

INSTRUCTION NO. <u>5.</u>

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable the other is liable. Each Defendant is entitled to fair consideration of the claims against him and his own defense.

You have heard evidence in this case related to Defendant LoSavio's guilty plea and conviction.  This evidence alone does not establish liability against Defendant Sheriff Easter.

Plaintiff must still prove the elements of the claims made against Defendant Sheriff Easter and must also prove the elements of the claims made against Defendant LoSavio.

You are to decide each Defendant's case separately, as if each were a separate lawsuit.

INSTRUCTION NO.  6.

**Basis of Federal Claims: 42 U.S.C. § 1983**

Plaintiff asserts a federal claim under Title 42, United States Code, Section 1983 against both Defendant LoSavio and Defendant Sheriff Easter.

This statute was enacted by Congress to enforce the United States Constitution. It provides that a person may seek damages in this court against any individual who, under color of any state law or custom, deprives such person of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

A person may sue for an award of money damages against anyone who violates her rights under the Constitution of the United States while acting under color of any state law.

INSTRUCTION NO. <u>7.</u>

**Eighth and Fourteenth Amendment Protections**

Plaintiff's Section 1983 claims are based on the protections of the Eighth and Fourteenth Amendments to the United States Constitution. Under the Eighth and Fourteenth Amendments of the United States Constitution, inmates are protected from cruel and unusual punishment, and have a constitutional right to bodily integrity and personal safety. The Fourteenth Amendment requires, among other things, that jail officials provide humane conditions of confinement and take reasonable measures to guarantee the safety of the inmates.

The sexual assault of an inmate by an individual acting under color of state law constitutes a violation of the right to bodily integrity and personal safety.

INSTRUCTION NO.  8.

**Section 1983 Claim against Defendant LoSavio**

Plaintiff claims that Defendant LoSavio, while acting under the color of state law as an employee of the Sedgwick County Sheriff, sexually assaulted her.  As a result of this alleged sexual assault, Plaintiff claims that Defendant LoSavio violated her right to bodily integrity and personal safety in violation of her Eighth Amendment and Fourteenth Amendment constitutional rights.

INSTRUCTION NO.  9.

**Section 1983 Claim against Defendant LoSavio Continued**

To establish her claim under Section 1983 against Defendant LoSavio, Plaintiff must prove each of the following by a preponderance of the evidence:

First,  Defendant  LoSavio was acting under the color of state law;

Second, Defendant LoSavio  forced  or coerced Plaintiff to  engage  in sexual activities with him;

Third, as a result, Plaintiff suffered damages.

Acting under the color of state law means that a public employee is exercising power possessed by virtue of state law and made possible only because the person is clothed with the authority of state law.  Public employees typically act under the color of state law when they act in their official capacity, exercise their responsibilities pursuant to state law, or even when they commit unlawful acts while performing, or pretending to perform, their duties.  A defendant in a § 1983 action acts under the color of state law even when he abuses the position given to him by the state.

Force does not necessarily mean physical force.  Coercion need not occur solely through physical force but may also occur under circumstances through actual or implied threats or promises so that one's voluntary will is overcome.

INSTRUCTION NO. <u>10.</u>

**Section 1983 Claim against Defendant Sheriff Easter**

In addition to Plaintiff's Section 1983 claim against Defendant LoSavio, Plaintiff asserts a Section 1983 claim against Defendant Sheriff Easter.  Plaintiff claims that Defendant Sheriff Easter, while acting under the color of state law, was deliberately indifferent in maintaining a policy of inadequate supervision of his deputies, and that this caused Plaintiff's right to bodily integrity and personal protection secured under the Eighth and Fourteenth Amendments to be violated.

INSTRUCTION NO. 11.

**Section 1983 Claim against Defendant Sheriff Easter Continued**

To establish her claim under Section 1983 against Defendant Sheriff Easter, Plaintiff must prove each of the following by a preponderance of the evidence:

First, Defendant LoSavio deprived Plaintiff of her constitutional rights as specified in Instruction 9;

Second, Defendant Sheriff Easter was acting under the color of state law;

Third, Defendant Sheriff Easter had an official policy or custom of inadequately supervising his deputies, such as Defendant LoSavio;

Fourth, Sheriff Easter inadequately supervised Defendant LoSavio in a deliberately indifferent manner; and

Fifth, the inadequate supervision in a deliberately indifferent manner of Defendant LoSavio caused the deprivation of Plaintiff's constitutional rights.

For the definition of the phrase "acting under the color of state law," refer to Instruction 9.

An official policy or custom of inadequately supervising his deputies can be shown by proving that Sheriff Easter inadequately supervised Defendant LoSavio after becoming aware of the risks posed by Defendant LoSavio following the prior investigations of misconduct by Defendant LoSavio for allegations of sexual misconduct toward female inmates.

To establish "deliberate indifference," Plaintiff must demonstrate that Defendant Easter recognized that the failure to supervise Defendant LoSavio would likely result in a constitutional violation and that Defendant Easter disregarded the risk.

Causation is established if the official policy or custom is the moving force behind the

constitutional violation.  The injury alleged must be closely related to the alleged official custom, such that the injury would have been avoided if the deputy would have been sufficiently supervised.

INSTRUCTION NO. 12.

**State Law Negligence Claim against Sheriff Easter**

Plaintiff also claims Defendant Sheriff Easter was negligent. You must decide Plaintiff's negligence claim by comparing the fault of the parties. In doing so, you will need to know the meaning of the terms "negligence" and "fault."

Negligence is the lack of reasonable care. It is the failure of a person to do something that a reasonable person would do, or it is doing something that a reasonable person would not do, under the same circumstances.

A party is at fault when he or she is negligent and that negligence caused or contributed to the event which brought about the claim for damages.

INSTRUCTION NO. 13.

**State Law Negligence Claim against Sheriff Easter Continued**

Plaintiff has the burden to prove that her claim of negligence against Defendant Sheriff Easter is more probably true than not true.

There is a special relationship between a sheriff and a person in custody of that sheriff. This special relationship imposes a duty of reasonable care on the sheriff to protect the person in custody from an unreasonable risk of harm by third parties. Plaintiff claims that Defendant Sheriff Easter was negligent for failing to protect Plaintiff from the known proclivity of LoSavio to commit assault and battery on female inmates.

However, a sheriff is not liable for harm done to the person in custody when the sheriff did not know or could not have foreseen the unreasonable risk of harm. In other words, when the harm is not reasonably foreseeable, then there is no duty to protect the person in custody from that specific risk of harm.

INSTRUCTION NO. <u>14.</u>

**Comparative Fault**

Defendant Sheriff Easter claims his fault in Plaintiff's negligence claim is limited by the fault of Plaintiff.  Defendant Sheriff Easter claims that Plaintiff is comparatively negligent for failing to report prior sexual misconduct by Defendant LoSavio.  Defendant Sheriff Easter has the burden to prove that this assertion of comparative fault as to Plaintiff is more probably true than not true

The percentage of fault of a person is not determined merely by the number of negligent acts that person committed.

You must decide whether one person's negligence contributed more to the event that brought about damages than any negligence committed by another person.

INSTRUCTION NO. 15.

**Comparative Fault Continued**

In interpreting the last instruction, it may help you to keep the following things in mind:

- Your first obligation is to determine if any party is at fault.

- Next, assign a percentage of fault to each party you find to be at fault. For a party not at fault, show 0% on your verdict form.

- For any party at fault, show 1% to 100%, depending on your finding, on your verdict form.

- If any parties are found at fault, the fault of all parties, when added on your verdict form, must total 100%.

Next, determine the amount of damages sustained by any party claiming damages.

I am required to reduce the amount of damages you may find for any party by the percentage of fault, if any, that you find is attributable to the party. A party will be able to recover damages only if that party's fault is less than 50 percent of the total fault assigned. A party will not be able to recover damages, however, if that party's fault is 50 percent or more.

Keep in mind that in setting forth damage amounts on your verdict form, you set out the full damage sustained by that party. I will make any reduction attributable to that party's fault, so you should not do so.

The parties to whom you have the discretion to assign fault are:

Kenna Rothermel,

Sheriff Easter

The party you may find suffered damages is:

Kenna Rothermel

INSTRUCTION NO. 16.

**State Law Battery Claim against Defendant LoSavio**

Plaintiff claims that Defendant LoSavio committed a battery against her. Under Kansas law, a battery is the unprivileged touching of one person by another, done with the intent to cause a contact, or an apprehension of contact, that is harmful or offensive.

A "harmful" contact or apprehension of contact is one that causes the victim physical injury. An "offensive" contact or apprehension of contact is one that invades the victim's reasonable sense of personal dignity. Either type of contact or apprehension of contact is sufficient to find Defendant LoSavio liable.

Every person has a right to be free from battery, and to complete protection against any violence whatever, whether injury results from it or not. If you find from the evidence that the defendant committed an unjustified battery upon the plaintiff, then the defendant is liable for damages sustained as the result of the wrongful act.

INSTRUCTION NO. <u>17.</u>

**State Law Outrageous Conduct Claim against Defendant LoSavio**

Plaintiff claims that Defendant LoSavio is liable to her for the Kansas tort of outrage. It is defined as follows:

If the defendant intentionally or recklessly caused severe emotional distress to the plaintiff by extreme and outrageous conduct, then the defendant is liable to the plaintiff for the emotional distress; and, if the emotional distress causes bodily harm, then the defendant is liable for the bodily harm thus caused.

To establish this cause of action the plaintiff must prove:

1.  The defendant acted intentionally, or in reckless disregard of the plaintiff;

2.  The defendant's conduct was extreme and outrageous;

3.  The defendant's conduct caused the plaintiff's mental distress; and

4.  Plaintiff's mental distress was extreme and severe.

To find that the defendant's conduct was extreme and outrageous, you must find the defendant's conduct was so outrageous in character, and so extreme in degree that it goes beyond the bounds of decency. You must also find defendant's conduct was atrocious and utterly intolerable in a civilized community.

To find that the plaintiff's emotional distress was extreme and severe, you must find that the emotional distress suffered by the plaintiff was genuine and so severe, and to such an extreme degree, that no reasonable person should be expected to endure it.

INSTRUCTION NO. <u>18.</u>

**Damages**

If you find for Plaintiff on any of the claims, then you must determine the amount of damages to be awarded to Plaintiff.

In determining the amount of damages sustained by the plaintiff, you must allow the amount of money that will reasonably compensate her for her injuries and losses resulting from the events in question. These injuries and losses may include pain, suffering, disability, and any accompanying mental anguish suffered as a result of the actions of the defendant(s).

There is no unit value or mathematical formula the court can give you for determining such as pain, suffering, disability, and mental anguish. You should consider the plaintiff's age, any physical pain or suffering, or any emotional distress suffered by the plaintiff, and the nature, extent, and duration of her injuries or suffering. You must establish an amount that will fairly and adequately compensate the plaintiff. That amount rests within your sound discretion.

If you find that a Plaintiff has established a right to recover from Defendant Sheriff Easter or Defendant LoSavio, but that Plaintiff has suffered no harm, insignificant harm, or damages that cannot be ascertained, you must award her nominal damages. Nominal damages are a trivial sum of money, usually one dollar, awarded to a party who has established a right to recover but has not established that she is entitled to compensatory damages.

INSTRUCTION NO.  19.

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.  I caution you, however, that the process of drawing inferences from the evidence is not a matter of guesswork or speculation.

INSTRUCTION NO. <u>20.</u>

Although you must consider all the evidence, you are not required to accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness's relationship to Plaintiff or Defendants; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; the extent to which the witness has been supported or contradicted by other credible evidence; and evidence that on some former occasion the witness testified or acted in a manner inconsistent with the testimony the witness gave in this case.  You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection--like failure of recollection--is not uncommon.

INSTRUCTION NO. <u>21.</u>

During the trial, testimony has been read to you by way of deposition, consisting of sworn recorded answers asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath, in the form of a deposition. That testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO. 22.

During the trial I questioned witnesses and passed upon objections to the admission of certain testimony or things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for my rulings. In your consideration of the case you must draw no inferences from my rulings and you must consider only the evidence which has been admitted into evidence.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action or remark that I have made during the course of this trial have I intended to express any opinion or suggestion as to how I would resolve any of the issues of this case. If I have made any ruling, action or remark that you believe indicates how I would decide this case, I instruct you to disregard it.

INSTRUCTION NO. <u>23.</u>

During your deliberations, you may refer, if you wish, to any notes you took during the trial.  Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO. <u>24.</u>

You are judges of the facts and it is your duty to determine the facts.  In so doing you must consider only the evidence I have admitted.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record, and any stipulations as to evidence.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls.

INSTRUCTION NO. <u>25.</u>

A final suggestion by the court--not technically an instruction upon the law--may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation--counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. <u>26.</u>

During your deliberations, that is when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from the admonition.

INSTRUCTION NO. <u>27.</u>

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts.

INSTRUCTION NO. <u>28.</u>

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson and pass the note to my law clerk, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE