IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNA ROTHERMEL,

        Plaintiff,

v.                                                                   Case No.  22-1194-JWB

SHERIFF JEFF EASTER, and
TONY LOSAVIO

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Rothermel's motion for attorney's fees as to Defendant Tony LoSavio. (Doc. 104.) Plaintiff requested attorney's fees under 42 U.S.C. § 1988 as the prevailing party in her 42 U.S.C. § 1983 claim against LoSavio. (Doc. 101 at 6–7.) The court concluded that Plaintiff was the prevailing party entitled to attorney's fees under § 1988. (Doc. 103 at 12–13.) Pursuant to Fed. R. Civ. P. 54(d)(2)(A), Plaintiff submitted a motion for attorney's fees with supporting documentation and analysis.  (Doc. 104) (Plaintiff's counsel delivered the supporting documentation labeled as Exhibit 1 to the court for in camera review). However, her motion lacked analysis for her request to recover out-of-pocket expenses related to her lawsuit.  Thus, for the reasons stated herein, (a) Plaintiff is awarded $152,979.50 in attorney's fees, and (b) her request to recover $7,231.48 in out-of-pocket expenses is denied.[1]

**I.  Attorney's Fees**

The amount of attorney's fees must be reasonable.  *See Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998).  To determine a reasonable attorney's fee, a court finds the lodestar figure—which is the reasonable number of hours spent on a case multiplied by a

---

[1] For a recitation of the facts from this case, see Documents 58 and 103.

1

reasonable hourly rate. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1280 (D. Kan. 2016). A plaintiff bears the burden of demonstrating that the number of hours is reasonable, *see id.*, and typically, counsel must exercise "billing judgment" which is a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Ellis*, 163 F.3d at 1202 (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). A court also has a duty to "exclude" hours that were not "reasonably expended." *See id.* The second prong to the lodestar analysis (i.e., a reasonable hourly rate) is determined by comparing the hourly rates requested "with rates 'prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation.'" *Mathiason*, 187 F. Supp. 3d at 1281. (citation omitted). A judge may also rely on his knowledge of the prevailing hourly market rates to determine if the amount requested hews closely to them. *See id.*

Here, Plaintiff's counsel request $152,979.50 in attorney's fees. Two attorneys represented Plaintiff: Craig Shultz and Michael Shultz. Craig Shultz, the lead attorney, billed 221.1 hours in pretrial work at a rate of $415.00 per hour. He also billed 62 hours of trial work at a rate of $450.00 per hour. His share of the requested attorney's fee award totals $119,656.50. Michael Shultz billed 41.9 hours of pretrial work at a rate of $295.00 per hour. He also billed 64.5 hours of trial work at a rate of $325.00 per hour. His share of the requested attorney's fee award totals $33,323.00.

After reviewing the briefings and supporting documents, the court finds the number of hours billed reasonable. It also finds Craig Shultz and Michael Shultz's hourly rates reasonable. Therefore, the court awards Plaintiff's counsel $152,979.50 in attorney's fees.

## II. Litigation Expenses and Taxable Costs

Plaintiff also requested $7,231.48 in out-of-pocket expenses. The court is circumspect of her request to recover what appear to be non-taxable litigation expenses and taxable costs. She provides no analysis for why she is entitled to these expenses and fails to break them into non-taxable and taxable costs. Rather, she only mentions them in a line item labeled "Actual out of pocket expenses" within a table that distinguishes attorney's fees from these alleged out-of-pocket expenses. (Doc. 104 at 3.) Federal Rule of Civil Procedure 54(d)(2)(A) requires a party to submit a motion for the recovery of non-taxable expenses. Because Plaintiff failed to provide any analysis in the motion on the non-taxable litigation expenses, the court finds that Plaintiff failed to comply with Fed. R. Civ. P. Rule 54 (d)(2)(A). Moreover, Plaintiff's request for what appear to be taxable costs did not comply with District of Kansas Local Rule 54.1(a). She did not file a bill of costs on the form provided by the clerk or clerk's office within the requisite time period, *see* D. Kan. R. 54.1(a)(1), nor did she file a brief that sets forth the statutory and factual basis for the recovery of the costs; provide copies of relevant invoices, receipts, an disbursement instruments of the costs; or state that she made a reasonable effort to resolve any disputes related to the costs with the opposing party. *See* D. Kan. R. 54.1(a)(2)(B)–(C). In sum, just as Plaintiff failed to follow the procedure to recover non-taxable litigation expenses, she also failed to follow the procedure to recover taxable costs.

Thus, her request to recover $7,231.48 in out-of-pocket expenses is denied.

## III. Conclusion

THEREFORE, Plaintiff is AWARDED $152,979.50 in attorney's fees, but her request to recover $7,231.48 in out-of-pocket expenses is DENIED.

IT IS SO ORDERED.  Dated this 30th day of April, 2025.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE